UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADVANCED CARE PEDIATRICS
OF FLORIDA,

    Plaintiff,

v.                                              Case No. 8:25-cv-653-KKM-CPT

DPS PR REALTY, INC.,

    Defendant.
_____

## ORDER

In this rescission action, Advanced Care Pediatrics of Florida moves for summary judgment against DPS PR Realty. Mot. for Summ. J. (MSJ) (Doc. 42). DPS PR fails to respond. For the reasons below, I grant Advanced Care's motion.

### I.   BACKGROUND

In May 2024, Advanced Care entered into a commercial lease agreement with DPS PR. Blair Decl. (Doc. 43) ¶ 3; *see* Lease (Doc. 43-1 at 1–17). The agreement concerned part of a building in New Port Richey, Florida, which Advanced Care planned to use as a pediatric extended care facility. Blair Decl. ¶ 4; Lease ¶ 8. As part

of the agreement, DPS PR was obligated to complete "Landlord's Work" and then deliver the premises to Advanced Care no later than July 30, 2024, or sixty days from the lease's effective date. Blair Decl. ¶ 5; *see* Lease ¶ 2(b); (Doc. 43-1) at 20 (describing the "Landlord's Work" required). For example, DPS PR was obligated to install certain equipment and construct "a fenced-in playground area." (Doc. 43-1) at 20.

Despite repeated promises, DPS PR did not live up to its obligations. Blair Decl. ¶¶ 6–22. As a result, on December 23, 2024, Advanced Care advised that it may need to rescind the lease. *Id.* ¶ 22. Three days later, Advanced Care learned that "DPS had lied for months to [Advanced Care] regarding its efforts to complete the Landlord's Work." *Id.* ¶ 23. Advanced Care's Regional Director, various government officials, and a DPS PR employee discovered multiple issues during a walkthrough of the premises on January 6, 2025, including that the "work completed did not match the plans submitted" and that the "work was not code compliant." *Id.* ¶ 24.

Accordingly, a few weeks later, Advanced Care sent DPS PR a "Lease Termination Agreement," which DPS PR refused to sign. *Id.* ¶ 25. Advanced Care followed this up, on February 10, 2025, with a "Notice of Default and Tenant's Termination of Lease." *Id.* ¶ 26; *see* (Doc. 43-2). Because DPS PR failed to complete

2

the promised work, Advanced Care could not obtain licensure to practice at the facility. Blair Decl. ¶ 28. DPS PR, though, has not returned Advanced Care's deposit, out-of-pocket expenses, or prepaid rent. *Id.* ¶ 29.

As a result, Advanced Care initiated this action, pleading one count of rescission. Compl. (Doc. 1) ¶¶ 19–25. Advanced Care now moves for summary judgment. MSJ.

## II.   LEGAL STANDARD

Summary judgment is appropriate if no genuine dispute of material fact exists, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A fact is material if it might affect the outcome of the suit under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The movant always bears the initial burden of informing the district court of the basis for its motion and identifying those parts of the record that demonstrate an absence of a genuine issue of material fact. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). When that burden is met, the burden shifts to the nonmovant to present evidentiary materials (e.g., affidavits, depositions, exhibits, etc.) demonstrating that there is a genuine issue of material fact, which precludes summary judgment. *Id.* A moving party is entitled to summary judgment if the

nonmoving party "fail[s] to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The Court reviews the record evidence as identified by the parties and draws all legitimate inferences in the nonmoving party's favor. *See Sconiers v. Lockhart*, 946 F.3d 1256, 1262 (11th Cir. 2020). Here, to the extent that the record is disputed or capable of multiple inferences, the Court draws them in favor of the non-movant.

## III. ANALYSIS

"Rescission is an equitable remedy with the purpose of restoring the former status of the parties by undoing the original transaction." *Rost Invs., LLC v. Cameron*, 302 So. 3d 445, 449 (Fla. 2d DCA 2020) (cleaned up) (quoting *Billian v. Mobil Corp.*, 710 So. 2d 984, 990 (Fla. 4th DCA 1998)). "Under Florida law, to state a claim for rescission of contract, the required elements are: (1) the character or relationship of the parties; (2) the making of a contract; (3) the existence of fraud, mutual mistake, false representation, impossibility of performance, or other ground for rescission or cancellation; (4) the party seeking rescission had rescinded the contract and notified the other party; (5) [if] the moving party has received benefits from the contract, he should further allege an offer to restore these benefits to the

party furnishing them, if restoration is possible; and (6) the moving party has no adequate remedy at law." *Longo v. Campus Advantage, Inc.*, 588 F. Supp. 3d 1286, 1292 (M.D. Fla. 2022) (quotation omitted); *see Crown Ice Mach. Leasing Co. v. Sam Senter Farms, Inc.*, 174 So. 2d 614, 617 (Fla. 2d DCA 1965).

Advanced Care has adduced evidence in support of each element. In the light of the lease, the parties are in privity of contract (element one) and a valid contract exists between them (element two). *Thompkins v. Lil' Joe Records, Inc.*, 476 F.3d 1294, 1315 (11th Cir. 2007) (providing that the "the first requirement of a suit for rescission under Florida law" is "that the parties to the lawsuit lie in contractual privity"); *Bland v. Freightliner LLC*, 206 F. Supp. 2d 1202, 1207 (M.D. Fla. 2002) (providing that "a valid contract" is the second element).

As for the third element, Advanced Care demonstrates that "frustration of purpose" exists. *See* MSJ at 7–8. " 'Frustration of purpose' refers to that condition surrounding the contracting parties where one of the parties finds that the purposes for which he bargained, and which purposes were known to the other party, have been frustrated because of the failure of consideration, or impossibility of performance by the other party." *Crown Ice*, 174 So. 2d at 617. Here, the "essential purpose[]" of the lease agreement was to deliver the premises to Advanced Care with

the Landlord's Work completed, which would have allowed Advanced Care to obtain the necessary licensure and operate a pediatric extended care facility. *Longo*, 588 F. Supp. 3d at 1294; *see* Lease ¶¶ 2(b), 8; (Doc. 43-1) at 20; Blair Decl. ¶ 5 ("As material consideration of the Lease, DPS was to complete defined work . . . and deliver the Premises to [Advanced Care] by July 30, 2024 – sixty (60) days from the effective date."); *id.* ¶ 28. Because DPS PR failed to complete this work, *see* Blair Decl. ¶ 27, Advanced Care was robbed of its "bargained for benefits," *Bland*, 206 F. Supp. 2d at 1208. Florida law recognizes the viability of rescission in this context. *See Yanks v. Truly Nolen, Inc.*, 341 So. 2d 829, 832 (Fla. 3d DCA 1977) ("We are therefore of the opinion that where, as here, you have dependent covenants in a lease—i.e., the payment of rent dependent upon the completion of improvements, and the lessor has breached his covenant, the remedy of rescission is a proper one.").

As for the fourth element, Advanced Care has "provide[d] proper notice to the [DPS PR] as to [its] intention[]" to rescind the contract. *Bland*, 206 F. Supp. 2d at 1208. Advanced Care sent a termination letter to DPS PR on February 10, 2025. *See* (Doc. 43-2).

6

Advanced Care meets the fifth element (restoration to original position) because nothing more is needed to restore DPS PR to its pre-contractual position. *See Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co.*, 761 So. 2d 306, 313 (Fla. 2000) ("A prerequisite to rescission is placing the other party in status quo.").[1] The only evidence in the record indicates that DPS PR has remained in possession of the premises throughout the relevant period. *See* Blair Decl. ¶ 32.

Finally, as to the sixth element, Advanced Care lacks an adequate remedy at law. *See Collier v. Boney*, 525 So. 2d 971, 972 (Fla. 1st DCA 1988) ("[A] fundamental requirement necessary for rescission of a contract is that the moving party has no adequate remedy at law."). Because DPS PR's failure to deliver the premises prevented Advanced Care from operating its business, Advanced Care represents that it is unable to accurately calculate consequential damages. *See* MSJ at 9 ("[A]n accurate determination for damages would be impossible to determine because [DPS PR] failed to deliver the premises and [Advanced Care] was estopped from running its intended business or obtain licensure to operate the same." (citation omitted)). Caselaw recognizes the inadequacy of a legal remedy in this circumstance.

---

[1] Although not relevant here, Florida law sometimes allows rescission "where restoration to the status quo is impossible." *Bland*, 206 F. Supp. 2d at 1208.

*See Fla. Businessmen for Free Enter. v. City of Hollywood*, 648 F.2d 956, 958 n.2 (5th Cir. Unit B June 1981) ("A substantial loss of business may amount to irreparable injury if the amount of lost profits is difficult or impossible to calculate.");[2] *cf. United States v. Askins & Miller Orthopaedics, P.A.*, 924 F.3d 1348, 1359 (11th Cir. 2019) ("[I]t 'is not enough that there is a remedy at law; it must be plain and adequate, or in other words, as practical and as efficient to the ends of justice and its prompt administration, as the remedy in equity.' " (quoting *Boyce's Ex'rs v. Grundy*, 28 U.S. (3 Pet.) 210, 215 (1830))).

Advanced Care has therefore established all six elements of a rescission claim. DPS PR offers four affirmative defenses, but none have merit.

First, DPS PR argues that the rescission claim should fail because DPS PR "has substantially complied with its requirements prior to the lease," and can "complete the necessary work within two weeks." Affirmative Defenses (Doc. 28 at 4) ¶ 1. The record, though, indicates the opposite. The only relevant evidence, the declaration from Advanced Care's CEO, indicates that DPS PR has failed to comply with its obligations under the lease. *See* Blair Decl. ¶ 27 ("To date, despite a number

---

[2] The Eleventh Circuit adopted as binding precedent all decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981. *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

of assurances and false representations from DPS, DPS has never completed the Landlord's Work and there are no approved plans."). There is nothing in the record supporting DPS PR's statement that it is "able to complete the necessary work within two weeks." Affirmative Defenses ¶ 1.

Second, DPS PR appears to argue that Advanced Care's claim should fail, at least in part, because Advanced Care possessed the premises "from the beginning of the lease until January of 2025." Affirmative Defenses ¶ 2. But the evidence does not support this contention. *See* Blair Decl. ¶ 32 ("DPS's assertion is simply not true. [Advanced Care] has never occupied the Premises.").

Third, DPS PR contends that Advanced Care's claim should fail because Advanced Care failed to satisfy necessary conditions precedent prior to filing suit. Affirmative Defenses ¶ 3. This defense fails because DPS PR failed to plead it with the necessary specificity, *see* FED. R. CIV. P. 9(c) ("[W]hen denying that a condition precedent has occurred or been performed, a party must do so with particularity."), and because Advanced Care satisfied the notice requirement Florida law imposes, *see supra* at 6.

Fourth and finally, DPS PR argues that Advanced Care's claim should fail due to impossibility of performance. Affirmative Defenses ¶ 4. But impossibility of

performance is a basis for rescission, *see Crown Ice*, 174 So. 2d at 617 (listing impossibility of performance, which "refers to those factual situations, too numerous to catalog, where the purposes, for which the contract was made, have, on one side, become impossible to perform," as a basis for rescission); *Waterside at Boynton Homeowners' Ass'n, Inc. v. S. Homes of Palm Beach, LLC*, 373 So. 3d 351, 354 (Fla. 4th DCA 2023), not a basis for concluding that a contract is valid and enforceable. Therefore, this defense fails.

## IV. CONCLUSION

No issue of genuine fact remains in this case, and on the record, Advanced Care is entitled to a rescission. Accordingly, the following is **ORDERED**:

1. Advanced Care's Motion for Summary Judgment (Doc. 42) is **GRANTED**.

2. No later than **September 10, 2025**, Advanced Care must establish how much it has paid DPS PR in connection with the Lease, including the deposit and prepaid rent, so that final judgment reflecting the total amount owed can be entered. If DPS PR disputes that amount, it may file any response no later than **September 17, 2025**.

**ORDERED** in Tampa, Florida, on September 3, 2025.

*[Signature: Kathryn Kimball Mizelle]*
Kathryn Kimball Mizelle
United States District Judge