UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADVANCED CARE PEDIATRICS
OF FLORIDA, LLC,

      Plaintiff,

v.                                                                    Case No. 8:25-cv-653-KKM-CPT

DPS PR REALTY, INC.,

      Defendant.

_____/

**REPORT AND RECOMMENDATION**

Before me on referral is Plaintiff Advanced Care Pediatrics of Florida, LLC's (Advanced Care) *Motion for Entitlement to Attorneys' Fees and Costs* pursuant to Local Rule 7.01.[1]  (Doc. 57).  For the reasons discussed below, I respectfully recommend that Advanced Care's motion be granted.

I.

The following facts are derived from a prior Order of the Court.  (Doc. 52).  In May 2024, Advanced Care entered into an agreement with Defendant DPS PR Realty,

---

[1] Local Rule 7.01 establishes a bifurcated process for litigants seeking post-judgment awards of attorneys' fees and related non-taxable expenses.  *See* M.D. Fla. R. 7.01(a).  Under this provision, a party must first move the Court for a determination of the party's entitlement to such reimbursement.  *See* M.D. Fla. R. 7.01(b).  If the Court grants that motion, the fee applicant must—within forty-five days of the Court's order—submit a "supplemental motion on amount" that adheres to various requirements.  *See* M.D. Fla. R. 7.01(c).

Inc. (DPS) to lease commercial space in a building located in New Port Richey, Florida. *Id.* Advanced Care planned to use this space as a pediatric extended care facility. *Id.* As a material condition of the lease agreement, DPS was obligated to complete "Landlord's Work"—which included installing certain equipment and constructing "a fenced-in playground area"—and then deliver the premises to Advanced Care no later than July 30, 2024, or sixty days from the lease's effective date. *Id.*

DPS failed to timely deliver the premises despite multiple promises that it would do so. *Id.* As a result, Advanced Care was unable to secure the necessary licensure to practice at the facility and was never able to occupy the premises. *Id.* Notwithstanding these circumstances, DPS refused to refund the deposit Advanced Care furnished to DPS or return Advanced Care's pre-paid rents. *Id.*

In light of DPS's failure to comply with its contractual obligations, Advanced Care initiated this action in March 2025 invoking the Court's diversity jurisdiction. (Doc. 1). In its complaint, Advanced Care pleaded one count of rescission and sought, among other relief, damages, attorneys' fees, and costs. *Id.*

In July 2025, Advanced Care filed a motion for summary judgment, requesting the Court, inter alia, to find its lease agreement with DPS to be rescinded and to require DPS to refund all monies paid by Advanced Care. (Doc. 42). The Court granted that motion several months later and ultimately entered a Judgment in favor of Advanced Care and against DPS in the amount of $83,023.15. (Docs. 52, 54).

By way of its instant motion, Advanced Care now asks that the Court find it is entitled to attorneys' fees and costs. (Doc. 57). DPS has not responded to that motion, and the time for doing so has elapsed. *See* M.D. Fla. R. 3.01(c). Accordingly, under the Court's Local Rules, Advanced Care's motion is deemed to be unopposed. *Id.*[2]

## II.

I begin my analysis, as I must, by addressing the threshold question of what law governs this diversity action. Where a court's "jurisdiction is premised upon the parties' diversity of citizenship, the [c]ourt presumptively applies the substantive law of the forum state," which here is Florida. *Am. Gen. Life Ins. Co. v. O.H.M.*, 2021 WL 6690228 at *5 (M.D. Fla. Dec. 8, 2021) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Auto-Owners Ins. Co. v. Ralph Gage Contracting Inc.*, 685 F. App'x 820, 821 (11th Cir. 2017) (per curiam)[3]). This approach also applies to a forum state's choice-of-law rules. *See MONY Life Ins. Co. v. Perez*, 146 F.4th 1018, 1026 (11th Cir. 2025) ("[A] federal court sitting in diversity borrows the forum [s]tate's choice-of-law rule.") (quoting *Cassirer v. Thyssen-Bornemisza Collection Found.*, 596 U.S. 107, 115 (2022)).

To that end, the parties' lease agreement includes a clause specifying that all its terms are governed by Florida law. *See* (Doc. 43-1 at 14). Courts in Florida generally

---

[2] Because Advanced Care's motion contained an incomplete conferral notice, the Court directed that Advanced Care supplement that notice within a certain time frame. *See* (Doc. 58); *see also* M.D. Fla. R. 3.01(g). Advanced Care has timely done so. (Doc. 59).

[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

"enforce[ such] choice-of-law provisions unless the law of the chosen forum contravenes strong public policy." *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co.*, 761 So.2d 306, 311 (Fla. 2000) (citation omitted). As I do not discern any such public policy concerns in this case,[4] I find that Florida law is controlling.

Having decided this question, I turn to the issue of Advanced Care's entitlement to fees. Firmly established in our legal system is the "American Rule" that each party ordinarily bears its "own litigation expenses, including attorney[s'] fees, regardless [of] whether [a party] wins or loses." *Fox v. Vice*, 563 U.S. 826, 832 (2011). As pertinent here, however, an exception to this rule exists where a contract includes a fee shifting proviso. *See Hall v. Cole*, 412 U.S. 1, 4 (1973).

In this case, the parties' lease agreement states that "[t]he non-prevailing party in any suit or dispute resolution between the parties shall reimburse the reasonable attorneys' fees incurred by the prevailing party in the enforcement of any of the terms, covenants[,] or provision hereof." (Doc. 43-1 at 14). Florida courts typically honor such clauses because they "'protect and indemnify' the interests of the parties." *Lashkajani v. Lashkajani*, 911 So.2d 1154, 1158–59 (Fla. 2005) (quoting *Blount Bros. Realty Co. v. Eilenberger*, 124 So. 41, 41 (Fla. 1929)). Given this case authority, I will abide by the parties' fee-shifting language here.

---

[4] Rather than being contrary to public policy, "[c]hoice-of-law provisions are authorized by statute" in Florida. *Mazzoni Farms, Inc.*, 761 So. 2d at 311 n.6 (citation omitted).

4

To be considered a prevailing party in Florida, a party must succeed on the "significant issues" in a lawsuit. *Moritz v. Hoyt Enters., Inc.*, 604 So.2d 807, 809–10 (Fla. 1992). Here, Advanced Care has been awarded a judgment against DPS, which is enough to deem it a prevailing party. *See id.*; *see also Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002) ("[J]udgment in this case [favorable to the plaintiff] is sufficient to establish that [the plaintiff] has prevailed in its suit[.]").

The fact that the Court's judgment rescinded the lease agreement does not dictate a different result. "[W]hen litigation ensues in connection with a validly formed contract, attorney[s'] fees may be recovered under a prevailing-party provision of the contract even though the contract has been rescinded or held to be unenforceable." *High Bid, LLC v. Everett*, 522 F. App'x 688, 695 (11th Cir. 2013) (quoting *David v. Richman,* 568 So.2d 922, 924 (Fla. 1990)); *see also Rosolen v. Home Performance Alliance, Inc.*, 2021 WL 4822561, at *2 (M.D. Fla. Aug. 26, 2021) (observing that "under Florida law, . . . any subsequent rescission does not nullify the previously agreed upon fee-shifting provision" in a contract), *report and recommendation adopted*, 2021 WL 4399119 (M.D. Fla. Sep. 27, 2021); *Fabing v. Eaton*, 941 So.2d 415, 418 (Fla. Dist. Ct. App. 2006) (ruling that contractual fees may be permitted "when an existing contract is rescinded or rendered unenforceable by some subsequent act"); *cf. Leo v. MacLeod*, 752 So.2d 627, 629 (Fla. Dist. Ct. App. 1999) (stating there was "no question" that if a real estate contract existed which had an attorneys' fee clause and there was a breach of

the contract by one party, the law would allow the other party to recover fees, "even though she elected rescission as her remedy"). As the Florida Supreme Court has explained:

> The legal fictions which accompany a judgment of rescission do not change the fact that a contract did exist. It would be unjust to preclude the prevailing party to the dispute over the contract which led to its rescission from recovering the very attorney's fees which were contemplated by that contract.

*Katz v. Van Der Noord*, 546 So.2d 1047, 1049 (Fla. 1989).

Here, the Court found in its summary judgment Order that "a valid contract exist[ed]" between the parties. (Doc. 52 at 5). As a result, Advanced Care's success on its recission claim does not undermine its fee demand.

With respect to the matter of costs, Federal Rule of Civil Procedure 54(d) provides that costs "should be allowed to the prevailing party" unless a federal statute, federal rule, or court order requires otherwise. Fed. R. Civ. P. 54(d)(1). This rule creates a presumption in favor of awarding costs to the winning litigant. *See Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted). A district court ordinarily may not award costs to a prevailing party, however, unless they are specified in 28 U.S.C. § 1920. *See Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987)).

6

Applying these principles here, I find it appropriate to award costs to Advanced Care to the extent they are recoverable under 28 U.S.C. § 1920. Advanced Care does not appear to assert otherwise. *See* (Doc. 57 at 5) (contending that Advanced Care should be granted costs under section 1920 for its filing fees and its use of third-party process servers) (citations omitted).

III.

Based upon the foregoing, I respectfully recommend that the Court grant Advanced Care's *Motion for Entitlement to Attorneys' Fees and Costs*. (Doc. 57).

Respectfully submitted this 12th day of June 2026.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

**NOTICE**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:

Honorable Kathryn K. Mizelle, United States District Judge

Counsel of record

8